WALTER BUSCH, PLAINTIFF-APPELLEE, v. NELSON EHR-
LICH, SAMUEL EHRLICH AND MURRAY-AUSTIN COR-
PORATION, A BODY CORPORATE OF THE STATE OF
NEW JERSEY, DEFENDANTS-APPELLANTS.

Submitted May 3, 1938—Decided August 22, 1938.

Before Justices TRENCHARD, PARKER and PERSKIE.

For the defendants-appellants, *Nelson Ehrlich (Matthew
Krafte,* of counsel).

For the plaintiff-appellee, *Durand, Ivins & Carton (James
D. Carton, Jr.,* of counsel).

PER CURIAM.

This action was to recover damages under section 5 of the
Distress act. *Comp. Stat., p.* 1939. Plaintiff was a tenant
of the defendant Murray-Austin Corporation, under a lease.
A dispute arose as to rent due and the defendant landlord

through its agents, Nelson Ehrlich and Samuel Ehrlich, employed one Tropoli to levy a distraint upon the goods and chattels of the plaintiff, and that was done on August 16th, 1937.

The plaintiff herein then, on August 19th, 1937, sued out a writ of replevin for the goods distrained (naming them) which were impounded on the leased premises, and now contends that there was distrained, besides the goods named in his replevin suit, some "canvas, relish and a case of coca cola."

The state of the case as settled by the trial judge is somewhat meagre. But it discloses that he found as a fact "that defendants had impounded certain goods with plaintiff on the leased premises and also had removed the canvas, relish and case of coca cola to a place not known to the plaintiff." The trial judge thereupon also found "that the plaintiff has suffered actual damages of six dollars," and gave judgment for the plaintiff in the sum of $58 in supposed compliance with section 5 of the Distress act, which provides "that no goods or chattels, distrained or taken by way of distress for any cause whatsoever at one time, shall be impounded in several places, whereby the owner or owners of such distress shall be constrained to sue several replevins for the delivery of the said distress so taken at one time, upon pain that every person offending therein shall, for every such offense, forfeit to the party grieved, forty dollars and treble damages, to be recovered by action of debt in any court of record where the same shall be cognizable."

The defendants specify that the determination with which they are dissatisfied in point of law is that the court merely found that defendants had impounded certain goods of the plaintiff on the leased premises and also had removed the canvas, relish and case of coca cola to a place not known to the plaintiff, and that this finding without more did not entitle plaintiff to recover the penalty under section 5 of the Distress act which requires that the owner "shall be constrained to sue several replevins for the delivery of the said distress so taken at one time * * *."

We think the position of the defendants is well taken. It is by no means clear that the "canvas, relish and case of coca

cola" were ever distrained or impounded, nor that they, with other goods, "were taken by way of distress at one time" or had ever been removed. The uncontradicted testimony of the defendants was that they had not removed them. But this much certainly is clear that such goods were not included in the writ of replevin which plaintiff saw fit to sue out, although he then knew, if such was the fact, that they were there when the distress was made. The plaintiff testified that they were then there. If they were then there, the constable who executed the plaintiff's writ was authorized to take the goods into his custody subject to certain conditions. (Section 126, District Court act.) Whether or not he did so the record is silent, as it is likewise silent with respect to whether or not such statutory conditions were met. What is also significant is the fact that so far as appears the plaintiff at no time made any demand for the "canvas, relish and coca cola" of any person whatsoever. He never sued out any other writ of replevin. In such posture of affairs we think that the mere finding that the goods in question had been removed to a place unknown to the plaintiff, did not justify a finding that the plaintiff had been constrained to sue several replevins within the meaning of section 5 of the Distress act.

The judgment will be reversed and a new trial awarded. Costs to abide the event.